Citation Nr: 1220803 
Decision Date: 06/14/12 Archive Date: 06/22/12

DOCKET NO. 09-18 612A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to an evaluation in excess of 20 percent for the service-connected post operative residuals of the left knee medial meniscectomy, now with degenerative joint disease. 

2. Entitlement to an evaluation in excess of 10 percent for the service-connected unstable right knee, now with degenerative joint disease. 

3. Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

A. Nigam, Associate Counsel


INTRODUCTION

The Veteran served on active duty form August 1961 to October 1983. 

These matters come to the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia, which, inter alia, denied the claims for increased ratings for the service-connected left and right knee disabilities, and denied service connection for bilateral hearing loss. 

A review of the Virtual VA paperless claims processing system does not reveal any additional documents pertinent to the present appeal. 

The issue of entitlement to service connection for bilateral hearing loss is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required. 


FINDINGS OF FACT

1. On April 30, 2012, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that he wished to withdraw his appeal as to the issue of entitlement to an evaluation in excess of 20 percent for the service-connected post operative residuals of the left knee medial meniscectomy, now with degenerative joint disease. 

2. On April 30, 2012, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that he wished to withdraw his appeal as to the issue of entitlement to an evaluation in excess of 10 percent for the service-connected unstable right knee, now with degenerative joint disease. 



CONCLUSIONS OF LAW

1. The criteria for a withdrawal of the Veteran's substantive appeal on the issue of entitlement to an evaluation in excess of 20 percent for the service-connected post operative residuals of the left knee medial meniscectomy, now with degenerative joint disease have been met. 38 U.S.C.A. §§7105(b)(2), (d)(5) (West 2002); 38 C.F.R. §§ 20.200, 20.202, 20.204(b), (c) (2011). 

2. The criteria for a withdrawal of the Veteran's substantive appeal on the issue of entitlement to an evaluation in excess of 10 percent for the service-connected unstable right knee, now with degenerative joint disease have been met. 38 U.S.C.A. §§7105(b)(2), (d)(5) (West 2002); 38 C.F.R. §§ 20.200, 20.202, 20.204(b), (c) (2011). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

An appeal consists of a timely filed Notice of Disagreement in writing, and after a Statement of the Case has been furnished, a timely filed Substantive Appeal. 38 U.S.C.A. § 7105(a); 38 C.F.R. § 20.200. 

Under 38 U.S.C.A. § 7105, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. Further, a Substantive Appeal may be withdrawn in writing at any time before the Board promulgates a decision. 38 C.F.R. §§ 20.202, 20.204(b). 

The record reflects that the Veteran perfected an appeal to the November 2007 determination that confirmed and continued the assigned evaluations for the right and left knee disabilities. As noted, the Veteran stated in an April 2012 correspondence that he wished to withdraw his appeal with respect to these claims. 

The Board finds that the Veteran's statement qualifies as a valid withdrawal of the issues of entitlement to increased evaluations for the right and left knee disabilities. See 38 C.F.R. § 20.204. Accordingly, the claims will be dismissed. 


ORDER

The appeal regarding the claim of entitlement to an evaluation in excess of 20 percent for the service-connected post operative residuals of the left knee medial meniscectomy, now with degenerative joint disease is dismissed. 

The appeal regarding the claim of entitlement to an evaluation in excess of 10 percent for the service-connected unstable right knee, now with degenerative joint disease is dismissed. 


REMAND

The Veteran seeks entitlement to service connection for bilateral hearing loss due to excessive noise exposure during service. The Board concedes that the Veteran was likely exposed to excessive noise during service while serving as an Infantryman. 

Further, in September 2009 the Veteran underwent a QTC audiological examination. Here, pure tone audiometry and Maryland CNC speech recognition tests revealed findings of VA compensable hearing loss. See 38 C.F.R. § 3.385. 

The September 2009 audiologist noted that the Veteran reported experiencing bilateral hearing loss for the past 20 years (since 1989, approximately 5 years after his discharge from service), with significant hearing difficulties for the past 2 to 3 years. However, the Veteran submitted a VA Form 21-4138, Statement in Support of Claim, in December 2009 that directly refutes the examiner's notation that his hearing loss developed over the last 2 years. 

The Notice of Disagreement, received in November 2008, indicates that the Veteran claimed he was not given a hearing test when he was discharged from active service in October 1983. He reports that after his retirement from the service he began to notice he was losing his hearing. His VA Form 9, Appeal to Board of Veterans' Appeals, received in June 2009, indicates the Veteran reported that he has experienced progressively worsening bilateral hearing loss since his discharge from service. A VA treatment record shows he was first diagnosed with hearing loss in November 2006. 

While the September 2009 examination report contains a negative nexus opinion, the audiologist based this opinion on finding that medical records clearly indicate hearing within normal limits close to discharge and the Veteran did not recall any event after that date which would have caused hearing loss. The examiner failed to consider the Veteran's contentions that he experienced bilateral hearing loss since his discharge from service, or to provide a rationale that relied on more than the absence of evidence of in-service hearing disability to substantiate these findings. 

The Board notes that the absence of evidence of a hearing disability during service (or of compensable hearing loss within the first year after discharge) is not fatal to a claim of service connection for hearing loss. See 38 C.F.R. § 3.385 (2011); Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). 

Rather, service connection may still be granted if the medical evidence provides a sound basis for attributing the credible evidence of in-service acoustic trauma to the post-traumatic hearing loss disability. See Hensley v. Brown, 5 Vet. App. 155, 159 (1993). 

Given the inadequacy of this opinion, the Board finds that a more thorough and fully explained medical opinion should be obtained. 38 C.F.R. § 3.159(c)(4) (2011); McLendon v. Nicholson, 20 Vet App. 79, 81 (2006); see also Duenas v. Principi, 18 Vet. App. 512 (2004). 

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should seek to obtain a clarifying medical opinion from the September 2009 QTC audiologist, or, if the audiologist is unavailable, another suitably qualified clinician. If the audiologist determines that another examination is warranted, the RO/AMC must take appropriate steps to schedule the examination. 

Based upon the claims file review, the Veteran's reported history, and the September 2009 examination findings, the examiner must provide a medical opinion as to whether it is at least as likely as not (e.g., a 50 percent or greater probability) that the Veteran's bilateral hearing loss is etiologically related to service, including to the conceded noise exposure experienced therein. 

A complete rationale must be provided for all opinions rendered. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation. 

2. After completing all indicated development to extent possible, the RO/AMC should readjudicate the claim remaining on appeal in light of all the evidence of record. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished a fully responsive Supplemental Statement of the Case and afforded a reasonable opportunity for response. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011). 


____________________________________________
Kelli A. Kordich
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs